# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 22, 2025

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* | \* | |
| ANGELA GORNOWICZ, | \* | |
| | \* | |
| Petitioner, | \* | No. 17-2053V |
| | \* | |
| v. | \* | Special Master Dorsey |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* | \* | |

Diana Stadelnikas, Mctlaw, Sarasota, FL, for Petitioner.
Dima Atiya, U.S. Department of Justice, Washington, DC, for Respondent.

## ORDER DENYING MOTION TO STRIKE[1]

On June 23, 2025, Petitioner filed a motion to strike and objection to expert testimony from Dr. Thomas Forsthuber. Petitioner's Motion to Strike and Objection to Expert Testimony ("Pet. Mot."), filed June 23, 2025 (ECF No. 158). For the following reasons, Petitioner's motion to strike testimony is **DENIED**. Instead, the undersigned will allow Petitioner's experts to file a written response to the opinions offered by Dr. Forsthuber at the hearing, after which the evidentiary record will be closed.

## I.   RELEVANT PROCEDURAL HISTORY

On December 28, 2017, Angela Gornowicz ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the

---

[1] Because this Order contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

1

Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2]  Petitioner alleges a diphtheria, tetanus, pertussis ("DTaP") vaccine administered on May 19, 2016, caused or significantly aggravated her relapsing-remitting multiple sclerosis.  Petition at ¶¶ 1, 9, 13 (ECF No. 1).

On November 21, 2019, Petitioner filed an expert report and medical literature from neurologist Dr. Andrew Goodman.  Pet. Ex. 16.  In 2020, Respondent subsequently filed expert reports and accompanying medical literature from immunologist Dr. Thomas Forsthuber and neurologist Dr. J. William Lindsey.  Resp. Ex. A, C.  On July 23, 2021, Petitioner filed a supplemental report and accompanying medical literature from Dr. Goodman.  Pet. Ex. 28.  On September 17, 2021, Respondent filed supplemental expert reports from Dr. Forsthuber and Dr. Lindsey.  Resp. Ex. E, F.

An entitlement hearing was initially set for September 21 and September 22, 2023.  Prehearing Order dated Mar. 17, 2022, at 1 (ECF No 75).  On September 14, 2023, Respondent filed a demonstrative exhibit prepared by Dr. Forsthuber and supporting literature.  Resp. Ex. H-L.  On September 18, 2023, the undersigned granted Petitioner's motion to stay the entitlement hearing due to Respondent's untimely medical articles and demonstrative exhibit.  Order Granting Motion for Stay of Hearing dated Sept. 18, 2023, at 1-2 (ECF No. 103).

On February 26, 2024, Petitioner filed an expert report and supporting literature from neurologist Dr. Darin T. Okuda.  Pet. Ex. 57.  On June 3, 2024, Respondent filed supplemental expert reports from Dr. Forsthuber and Dr. Lindsey.  Resp. Ex. M, N.  On August 19, 2024, Petitioner filed supplemental expert reports from Dr. Goodman and Dr. Okuda.  Pet. Exs. 73, 74.  After all expert reports had been filed, the undersigned rescheduled the entitlement hearing for April 29 to May 1, 2025.  Prehearing Order dated Aug. 20, 2024, at 1 (ECF No. 130).

An entitlement hearing was held on April 29 and April 30, 2025.  Petitioner, Dr. Goodman, Dr. Okuda, and Dr. Lindsey testified on April 29, 2025.  Tr. 4-232.  Dr. Forsthuber testified on April 30, 2025.  Tr. 237-418.  At the hearing, Petitioner raised objections to the scope of Dr. Forsthuber's testimony.  See, e.g., Tr. 420.  The undersigned directed Petitioner to file a motion within 30 days of the filing of the hearing transcript addressing the objections relative to Dr. Forsthuber's testimony and proposing remedies.  Order dated May 1, 2025 (ECF No. 153).

On June 23, 2025, Petitioner filed a motion to strike.  Pet. Mot.  On July 3, 2025, Respondent filed a response.  Respondent's Response to Pet. Mot. ("Resp. Response"), filed July 3, 2025 (ECF No. 162).  Petitioner did not file a reply.  Additionally, Petitioner requested a post-hearing briefing scheduling following a decision on her motion.  Joint Status Rept., filed July 1, 2025, at 1 (ECF No. 161).

This matter is ripe for adjudication.

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018).  All citations in this Ruling to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

## II.     PARTIES' CONTENTIONS

### A.     Petitioner's contentions

Petitioner asserts that Dr. Forsthuber's expert testimony offered new opinions and that he testified outside the scope of his previous reports and medical literature. Pet. Mot. at 1.

Petitioner acknowledges that Vaccine Rules requires special masters to "consider all relevant and reliable evidence governed by principles of fundamental fairness to both parties." Vaccine Rule 8(b)(1). Further, the special master must afford each party a full and fair opportunity to present its case. Vaccine Rule 3(b)(2).

Petitioner asserts that "advanced notice of evidence and theories is particularly important in the highly scientific or technical context such as the Vaccine Program. Pet. Mot. at 7 (quoting Sumner v. Sec'y of Health & Hum. Servs., No. 99-946V, 2015 WL 5173644, at *16 (Fed. Cl. Spec. Mstr. Aug. 13, 2015). Petitioner contends that it is fundamentally unfair and unfairly prejudicial to Petitioner to allow testimony on previously undisclosed opinion into evidence. Id. Accordingly, Petitioner moves to strike the following testimony from the record:

> 1. Tr. 243:1-21.
> 2. Tr. 246:20-251:25; Tr. 252:24-254:23. Petitioner's counsel objected on the record to this line of question, claiming none of this testimony was contained in any of Dr. Forsthuber's three expert reports or medical literature.
> 3. Tr. 255:25-256:12. Petitioner's counsel objected to the testimony as beyond the scope of expert reports.
> 4. Tr. 263:1-19. Petitioner's counsel objected on the record that none of this testimony appears in any of his reports.
> 5. Tr. 269: 21-25, Tr. 270:1-271:11. Petitioner's counsel objected to this testimony as beyond the scope of his reports.
> 6. Tr. 280:10-18; Tr. 281:2-20. Petitioner's counsel objected to testimony relating to the half-life of cytokines, which does not appear in the expert's three reports.
> 7. Tr. 311:9-25, Tr. 312:1-319:25. While Petitioner does not object the demonstrative exhibit H, Petitioner objects to the line of testimony and new opinion, as Respondent's expert had more than sufficient time to proffer his opinion and explanation of this exhibit, prior to the second day of trial.

See id. at 9-10. Petitioner argues that the above testimony offered by Dr. Forsthuber went "beyond the scope of his reports and the questions before him" and constituted "an unfair surprise to Petitioner and her experts." Id. at 10.

Petitioner further argues that Dr. Forsthuber's testimony must be limited to general immunological arguments as it would "be outside his expertise to opinion on issues of diagnosis, specific causation and onset of disease/relapse." Pet. Mot. at 11. Petitioner asserts that expert testimony was limited or given less weight in circumstances were non-medical doctors offered opinions on specific causation rather than general causation. Id. at 2-6; see Vizcarra v. Sec'y of

3

Health & Hum. Servs., No. 20-488V, 2023 WL 3451495, at *5 (Fed. Cl. Spec. Mstr. May 15, 2023) (limiting an expert immunologist holding a PhD to "opinions on the science behind petitioner's theory"); Koehn v. Sec'y of Health & Hum. Servs., No. 11-355V, 2013 WL 3214877 (Fed. Cl. May 30, 2013), aff'd, 773 F.3d 1239 (Fed. Cir. 2014) (noting an experts "could decrease the value of his opinion for any of the Althen prongs); Isbell v. Sec'y of Health &Hum. Servs., No. 95-340V, 2001 WL 826724, at *12 (Fed. Cl. Spec. Mstr. May 1, 2001) (giving less weight to non-medical expert opinion on clinical symptoms, an area outside of his expertise).

Petitioner requests the undersigned strike the above sections of Dr. Forsthuber's testimony or give the testimony less weight.[3] Pet. Mot. at 11. In the alternative, Petitioner asks that her experts be permitted to file a written response, limited to the new opinions offered, after which the evidentiary record be closed. Id.

**B.    Respondent's contentions**

Respondent contends that Dr. Forsthuber a highly respected expert who is qualified to testify to Althen prong one. Resp. Response at 2. Respondent notes that Petitioner did not object to Dr. Forsthuber's qualifications at the hearing. Id. at 3.

Respondent distinguishes the caselaw relied upon by Petitioner in support of exclusion of evidence from the present case on the basis that Vizcarra, Koehn, and Isbell, all deal with an issues of non-medical doctors opining on diagnosis. Resp. Response at 2-4. Respondent notes diagnosis is not at issue in the present case and Dr. Forsthuber deferred to the clinical experts on issues of diagnosis at the hearing. See id. Further, Respondent notes that Dr. Forsthuber maintained his medical license in from 1996 until 2016. Id. at 2.

Respondent contends that identified sections of the hearing transcript constitute foundational testimony for Dr. Forsthuber's opinions and foundational testimony regarding the underlying function of the immune system (Tr. 243:1-21; Tr. 246:20-251:25; Tr. 252:24-254:23; Tr. 255:25-256:12) or consisted of testimony related to his previous three written reports (Tr. 263:1-19; Tr. 280:10-18; Tr. 281:2-20). Resp. Response at 7-8. Additionally, Respondent notes that Petitioner did not object at the hearing to certain testimony that she now seeks to exclude (Tr. 311:9-25, Tr. 312:1-319:25). Id. at 8. Further, Respondent argues that the testimony related to demonstrative exhibit H was permissible and Respondent had no requirement to reference demonstrative exhibit H in the written expert reports. Id. at 8-9.

Finally, Respondent argues that even if Dr. Forsthuber's testimony was improperly introduced, striking his testimony is an extreme and disfavored remedy. Resp. Response at 9. Respondent notes that the procedural rules of the Vaccine Program favor broad inclusion of evidence. Id. at 6. Finally, Respondent asserts that the typical practice in Vaccine Program is for special masters to weigh expert testimony rather than exclude expert testimony. Id. at 5 (citing Garcia v. Sec'y of Health & Hum. Servs., No. 05-0720V, 2010 WL 2507793, at *6 n.7

---

[3] The undersigned does not make any finding on the question of what weight to afford Dr. Forsthuber's testimony in this Order.

4

(Fed. Cl. Spec. Mstr. May 19, 2010) ("where an expert's methodology is at least generally aligned with accepted scientific method, his conclusions are weighed on probative merit; they are not excluded, even if the factfinder may consider his testimony to be less persuasive than that of the other party's expert.")).

Respondent did not raise any specific objections to Petitioner's experts filing written responses to Dr. Forsthuber's testimony.

### III. DISCUSSION

A special master must "afford[] each party a full and fair opportunity to present its case." Vaccine Rule 3(b)(2).  Vaccine Rule 8(b)(1) provides that "[i]n receiving evidence, the special master will not be bound by common law or statutory rules of evidence but must consider all relevant and reliable evidence governed by principles of fundamental fairness to both parties."  This rule echoes the statutory requirement that a "special master . . . shall consider . . . all [] relevant medical and scientific evidence contained in the record."  § 13(b)(1).  Together, Vaccine Rule 8 and § 13 "direct[] the special master to consider all relevant and reliable evidence, unencumbered by traditional rules of admissibility, while being guided by principles of fairness."  Hazelhurst v. Sec'y of Health & Hum. Servs., 604 F.3d 1343, 1349 (Fed. Cir. 2010).  The Vaccine Act further mandates "flexible and informal standards of admissibility of evidence."  § 12(d)(2)(B).

Although the Vaccine Rules do not specifically include a mechanism for a motion to strike testimony, Vaccine Rule 1 provides that for any matter not specifically addressed by the Vaccine Rules, the special master may regulate applicable practice consistent with the rules and the purpose of the Vaccine Act.  Vaccine Rule 1(b).  Vaccine Rule 1 also provides that the Rules of the Court of Federal Claims ("RCFC") may apply to the extent they are consistent with the Vaccine Rules.  Vaccine Rule 1(c).

The Court of Federal Claims has found that at a hearing, when an expert attempts to present an opinion not disclosed before the hearing, the opposing party may seek to strike that testimony.[4]  Childers v. United States, 116 Fed. Cl. 486, 596-99 (2013) (granting motion to strike testimony).  Under RCFC 26(a)(2)(B)(i), an expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them."  The Court of Federal Claims explained "expert reports must be 'detailed and complete'" and "[a] complete report must include the substance of the testimony which an expert is expected to give on direct examination together with the reasons therefor."  Id. at 597 (quoting Salgado v. Gen. Motors Corp., 150 F.3d 735, 741 n.6 (7th Cir. 1998)); see Fed. R. Civ. P. 26 Advisory Committee's note.  Additionally, "[t]he report must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial."  Id. (quoting Salgado, 150 F.3d at 741 n.6).

---

[4] The Federal Circuit has noted a "special master can order the experts to confine their testimony to the issues addressed in their reports."  Simanksi v. Sec'y of Health & Hum. Servs., 671 F.3d 1368, 1382 (Fed. Cir. 2012).  The undersigned directed Dr. Forsthuber to confine his testimony to issues addressed in his reports at the entitlement hearing.  See, e.g., Tr. 271-72.

5

According to RCFC 37(c)(1), "[i]f a party fails to provide information or identify a witness . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Courts applying the Federal Rules of Civil Procedure counterparts[5] have found exclusion mandatory "unless the offending party can show that its violation of Fed. R. Civ. P. 26(a) was either justified or harmless." Childers, 116 Fed. Cl. at 598 (quoting Scott Timber, Inc. v. United States, 93 Fed. Cl. 221, 226 (2010)).

In Vaccine Program cases, however, "exclusion from the record is an exceptional remedy, and should only be applied by the Court where the material sought to be excluded is so unreliable, it patently forfeits every trace of being helpful to the Court's consideration of the facts of the case." Veryzer v. Sec'y of Health & Hum. Servs., No. 06-522V, 2010 WL 2507791, at *21 (Fed. Cl. Spec. Mstr. June 15, 2010). "Advance notice of evidence and theories is particularly important in a highly scientific or technical context such as the Vaccine Program, where an adequate response to new information may require additional scientific research and evaluation." Sumner, 2015 WL 5173644, at *16. Yet, "[t]he Vaccine Rules favor broad inclusion, and 'the probative value of the evidence or the credibility of the witnesses . . . are matters within the purview of the fact finder.'" R.K. v. Sec'y of Health v. Hum. Servs., No. 03-0632V, 2015 WL 10911950, at *36 (Fed. Cl. Spec. Mstr. May 23, 2016) (quoting Munn v. Sec'y of Health v. Hum. Servs., 970 F.2d 863, 871 (Fed. Cir. 1992)), mot. for rev. denied, 125 Fed. Cl. 57 (2016), aff'd mem., 671 F. App'x 792 (Fed. Cir. 2016). "Because special masters serve as both fact-finders and judicial officers, and because they have developed an expertise that lay jurors have not, they do not need the same procedural protection that excluding testimony at the outset provides." Id. at *41.

Here, the specific relief requested by Petitioner, a motion to strike testimony, is an exceptional remedy for the issues alleged by Petitioner: that Dr. Forsthuber provided previously undisclosed opinions at the entitlement hearing and testified beyond the scope of his expert reports and expertise.

While special masters have the discretionary authority to exclude unreliable evidence from the record, the Vaccine Rules favor broad inclusion and sets a high bar for the exclusion of evidence from the record. Petitioner has not demonstrated that Dr. Forsthuber's testimony is "so unreliable, it patently forfeits every trace of being helpful." Veryzer, 2010 WL 2507791, at *21. Instead, Dr. Forsthuber provided opinions on immunological concepts that went beyond scope of his written reports. Compare Tr. 270-271 (discussing the role of T lymphocytes and their interaction with cytokines) with Resp. Ex. F at 3-5 (discussing cytokine levels); see also Resp. Response at 8.

The undersigned notes the importance of advanced notice of opinions and theories in the context of the Vaccine Program. And, as she noted at the entitlement hearing, it is prejudicial to Petitioner for Dr. Forsthuber to offer new opinions that were not included in his written expert

---

[5] RCFC 37(c)(1) is identical in relevant part to Rule 37(c)(1) of Federal Rules of Civil Procedure.

reports and are not foundational basic immunology. Tr. 271-272. However, any prejudice produced by Dr. Forsthuber's testimony can be remedied through less exceptional measures than exclusion of his testimony. In this case, the alternative relief proposed by Petitioner of submitting responsive written expert reports and then closing the evidentiary record appropriately addresses any prejudice to Petitioner.

For these reasons, the undersigned finds it is not necessary to strike Dr. Forsthuber's testimony. Pursuant to the Vaccine Rules and statute, which favor broad inclusion and principles of fundamental fairness to both parties, the undersigned **DENIES** Petitioner's motion to strike. The undersigned will afford alternative relief of allowing Petitioner to file written responses to Dr. Forsthuber's testimony and thereafter close the evidentiary record.

The following is **ORDERED**:

(1) Petitioner may file any final responsive expert reports **by Friday, September 19, 2025.**

(2) Petitioner shall file a joint status report **by Friday, September 19, 2025.** The joint status report should confirm that the evidentiary record is complete and propose a post-hearing briefing schedule.

Any questions regarding this Order may be directed to my law clerk, Audrey Van Winkle, at (202) 357-6345 or at Audrey_VanWinkle@cfc.uscourts.gov.

**IT IS SO ORDERED.**

*s/Nora Beth Dorsey*
Nora Beth Dorsey
Special Master
